IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DAMIAN ALANIZ, §
   *Plaintiff* §
§
               SA-24-CV-01391-XR
-vs- §
§
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE,  DOLPH BRISCOE UNIT, §
   *Defendants* §

**ORDER**

  On this date the Court considered the status of this case. On February 12, 2025, Defendant Texas Department of Criminal Justice ("TDCJ") filed a motion to dismiss. ECF No. 15. Subsequently, Plaintiff filed a response in opposition to Defendant's motion to dismiss. ECF No. 16. Upon careful consideration the Court issues the following order.

**BACKGROUND**

  Plaintiff Damian Alaniz is a former employee of the TDCJ who worked at the Dolph Briscoe Unit ("Dolph Briscoe"). *See* ECF No. 1. Plaintiff filed this civil rights action under 42 U.S.C. § 1983 alleging a single claim of First Amendment retaliation. *Id*. at 10–14.  Plaintiff alleges that Defendants TDCJ and Dolph Briscoe retaliated against him via adverse employment actions for exercising protected speech, thereby allegedly violating his rights under the First Amendment. *Id*.

**DISCUSSION**

 I. Legal Standard

  Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*,

143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion under Rule 12(b)(1), the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). In short, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.* at 413. Further, materials such as affidavits and regulations can be considered when relevant to the issue of jurisdiction. *Poindexter v. United States*, 777 F.2d 231 (5th Cir. 1985).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw

the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**II. Analysis**

**A.  Claim against TDCJ**

TDCJ moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant contends that the Eleventh Amendment bars Plaintiff's claim.

"Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to a suit against a state." *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Eleventh Amendment immunity extends not only to the states themselves, but also to state agencies and departments. *Pennhurst*, 465 U.S. at 100.

Despite the Eleventh Amendment, a state may be sued in federal court in two limited circumstances: (1) if the state has waived its immunity or (2) where Congress has abrogated the state's immunity with respect to a particular cause of action. *See, e.g., College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1991); *Quern v. Jordan*, 440 U.S. 332 (1979). Applicable here, Section 1983 does not waive the states' sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979), and Texas has not waived its immunity. *See Harris v. Angelina Cnty, Tex.*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (noting TDCJ is an instrumentality of the State of Texas and is immune from suit under the Eleventh Amendment). Accordingly, Plaintiff's claim against TDCJ is barred by the Eleventh Amendment.

### B. Claim against Dolph Briscoe Unit

Defendant moves to dismiss Plaintiff's claims against the Dolph Briscoe Unit under Rule 12(b)(6) for failure to state a claim. *See e.g., Klebanow v. N.Y. Produce Exch.*, 344 F.2d 294, 296 n.1. (2d Cir. 1965) (explaining when a lack of capacity defect appears on the face of the complaint, the practice has grown up examining it by a 12(b)(6) motion).

In order for a plaintiff to sue a government agency or department, the agency or department must "enjoy a separate legal existence." *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). Courts in this circuit have determined that a state prison unit lacks a capacity to be sued because the unit has no separate

legal existence. *Sturgeon v. TDCJ Coffield Unit*, No. 6:18-cv-468, 2019 WL 2610828, at *2 (E.D. Tex. May 22, 2019) (concluding that a state prison unit "has no jural existence and therefore lacks capacity to be sued"). Both parties acknowledge that the Dolph Briscoe Unit is a prison in the State of Texas. ECF No. 1 ¶ 5; ECF No. 15 at 6. Plaintiff does not identify, nor can the Court locate, any authority that shows the State of Texas has granted authority to the Dolph Briscoe Unit to engage in litigation. Accordingly, the Dolph Briscoe Unit has no jural existence and therefore lacks capacity to be sued. *Sturgeon*, 2019 WL 2610828, at *2.

    C.  *Monell* Liability

As discussed above, Plaintiff's original complaint brings a single claim of First Amendment Retaliation under 42 U.S.C. § 1983. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss references a third amended complaint (ECF No. 16 at 1); however, a review of the record reveals no such document. Nevertheless, Plaintiff, in his Response, discusses a *Monell* claim brought pursuant to the alleged customs and/or policies of the Defendants, which the Court now construes as a *Monell* claim against both the TDCJ and the Dolph Brisco Unit. While a *Monell* claim provides that Section 1983 claims can be brought against municipalities and other local government units in certain circumstances, (*Monell v. Dep't of Soc. Srvs. of City of New York*, 436 U.S. 659, 690 (1978)), such claims cannot be brought against states and state agencies. *See Will v. Michigan Dep't of St. Pol.*, 491 U.S. 58, 70 (1989) ("States are protected by the Eleventh Amendment while municipalities are not, . . . and we consequently limited our holding in *Monell* 'to local government units which are not considered part of the State for Eleventh Amendment purposes.'") (quoting *Monell*, 436 U.S. at 690 n.54)).

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss (ECF No. 15.) is **GRANTED**.

It is **THEREFORE ORDERED** that Alaniz's claims under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and failure to state a claim.

While it is unlikely Plaintiff can successfully overcome the Eleventh Amendment hurdle, Plaintiff shall be given 21 days from the issuance of this order to file a new amended complaint.

It is so **ORDERED**.

**SIGNED** this 1st day of July 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE